# ∎FOLEY

FOLEY & LARDNER LLP

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY  10016-1314
212.682.7474 TEL
212.687.2329 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
212.338.3472

October 13, 2025

**VIA ECF**
Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    *Pacific Services Establishment and Starline Services Establishment v. Djunic et al*
Case No. 1:24-cv-07687 (JLR)

Dear Judge Rochon:

We represent Plaintiffs Pacific Services Establishment and Starline Services Establishment in the above-captioned matter.  We submit this letter jointly with *pro se* Defendant Natalija Djunic. Co-defendant Danko Djunic is also *pro se*, and the other defendants — Skiff Capital Management, LLC; Skiff Capital GP, LLC; Skiff Capital Master Fund, LP; Skiff Capital (Offshore) Fund, Ltd.; and Skiff Capital Fund, LP (collectively, the "Skiff Capital Defendants") — are business entities that are currently unrepresented by counsel.

This joint letter addresses a dispute that has arisen between Plaintiffs and Ms. Djunic concerning the status of Plaintiffs' discovery efforts toward Ms. Djunic while the Court rules on her motion to dismiss, which included a request that the Court stay discovery against Ms. Djunic pending the resolution of her motion.  Dkt. No. 64 at 9.  Plaintiffs oppose Ms. Djunic's stay request and have argued Ms. Djunic's request is not supported by good cause.  Dkt. No. 66 at 18–19.

Plaintiffs and Ms. Djunic attempted to reach a resolution during a telephonic meet-and-confer on October 7, 2025, but the parties are at an impasse.  Plaintiffs and Ms. Djunic now respectfully request the Court's guidance concerning how to proceed with discovery against Ms. Djunic pending the Court's resolution of her motion to dismiss.

***Plaintiffs' position is as follows***: Plaintiffs served Ms. Djunic with interrogatories and requests for production on August 8, 2025, via US Mail.  Under Rules 33 and 34 of the Federal Rules of Civil Procedure, Ms. Djunic's responses were due 30 days from service, with an additional 3 days given for mail service.  That made Ms. Djunic's responses due on September 11, 2025.  Plaintiffs have not received responses or objections from Ms. Djunic.  Additionally, Ms. Djunic's initial disclosures were due by September 12 under the Third Amended Civil Case Management Plan and Scheduling Order.  Plaintiffs have not received Ms. Djunic's initial disclosures.

During the parties' October 7 meet-and-confer, Ms. Djunic's stated reason for not providing her discovery responses and initial disclosures to Plaintiffs is her view that discovery should be stayed while Ms. Djunic's motion to dismiss is pending.  Ms. Djunic's view is not legally supported.  "The pendency of the motion to dismiss does not provide an automatic basis to stay discovery."  *Allstate*



FOLEY & LARDNER LLP

Page 2

*Ins. Co. v. Levy*, No. CV-10-1652 (FB)(VVP), 2011 WL 288511, at * (E.D.N.Y. Jan. 27, 2011) (collecting cases). Discovery has not been stayed against Ms. Djunic, and discovery should not be stayed pending Ms. Djunic's motion to dismiss (which Plaintiffs opposed). Accordingly, Plaintiffs ask the Court to compel Ms. Djunic to promptly provide her initial disclosures and discovery responses, to which her objections are waived. *See* Fed. R. Civ. P. 33(b)(4); *Carl v. Edwards*, No. CV 16-3863 (ADS) (AKT), 2017 WL 4271443, at *6–7 (E.D.N.Y. Sept. 25, 2017) (recognizing that failure to serve timely discovery responses serves as a waiver of objections, even for pro se defendants).

Fact and deposition discovery are scheduled to close on November 25, 2025, and Plaintiffs have noticed Ms. Djunic's deposition for November 14.

**Ms. Djunic's position is as follows**: Discovery as to Ms. Djunic should be stayed pending resolution of her Rule 12(b)(6) motion. Ms. Djunic was first added on August 1, 2025. After the Court extended discovery on September 2, 2025, she sought clarification of her response dates on September 14; Plaintiffs said on September 16 they would revert, and did not provide clarification until September 25 — three days after she filed her motion on September 22 requesting dismissal and a stay. Ms. Djunic is not refusing discovery. She has acted in good faith, participated in the October 7 telephonic meet-and-confer, and is prepared to serve responses and initial disclosures within 14 days if the Court denies a stay. She also cooperated in scheduling efforts — on September 14 she confirmed her availability for an October 24 deposition date and expressed willingness to discuss later options — but Plaintiffs did not confirm that date and instead issued a new notice for November 14, which she acknowledged in writing. Plaintiffs already subpoenaed and obtained the relevant bank records from third-party institutions; duplicative production and a deposition now would impose undue burden on a newly added, self-represented defendant with no alleged role in the business. A short, defendant-specific stay promotes efficiency and will not prejudice Plaintiffs given the November 25 discovery deadline. Ms. Djunic is not seeking an automatic stay; she requests a discretionary stay for good cause under Rule 26(c). See, e.g., *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Plaintiffs' waiver argument is unwarranted in light of her timely good-faith efforts to clarify dates under the amended schedule and her pending stay request. Ms. Djunic appreciates the opportunity to include her position so that the Court has the full context of the parties' communications.

The parties appreciate the Court's time and attention.

Respectfully Submitted,

*/s/ Sam M. Koch*
Sam M. Koch
Foley & Lardner LLP
90 Park Avenue



Page 3

New York, New York 10016
Telephone: (212) 338-3472
skoch@foley.com

David J. Jordan (admitted *pro hac vice*)
Robert T. Stewart (admitted *pro hac vice*)
Foley & Lardner LLP
95 S. State Street
Suite 2500
Salt Lake City, UT 84111
Telephone: (801) 401-8900
djordan@foley.com
rstewart@foley.com

*Counsel for Plaintiffs*

cc:    All appeared parties of record via ECF

Defendant Natalija Djunic's motion to stay discovery pending resolution of her motion to dismiss is DENIED.

Under Rule 26(c), "a district court has considerable discretion to stay discovery" upon "a showing of good cause." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). "The moving party bears the burden of demonstrating good cause under [Rule] 26(c)." *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020). Because "[a] motion to dismiss does not automatically stay discovery" in most cases, "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Id.* Courts instead consider "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Pujals v. BDO USA, P.C.*, No. 25-cv-01757 (JLR), 2025 WL 2644238, at *3 (S.D.N.Y. Sept. 15, 2025).

Ms. Djunic asserts that producing documents or sitting for a deposition would be unduly burdensome and "unlikely to yield relevant evidence," Dkt. 64 at 9, but she does not explain why or otherwise cite, quote, or attach any of Plaintiffs' discovery requests. *See Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182, 186 (S.D.N.Y. 2025) ("Courts frequently decline to issue similar stays 'where defendants fail to show why discovery would be burdensome.'" (citation omitted)). Moreover, as Plaintiffs note, they "will likely be entitled to discovery from [Ms. Djunic] by third-party subpoena," given her connections to the other Defendants, even if the Court were to grant her motion to dismiss. Dkt. 66 at 18 (quoting *Idle Media, Inc. v. Create Music Grp., Inc.*, No. 24-cv-00805 (JLR), 2024 WL 2946248 (S.D.N.Y. June 11, 2024)); *see also Brawer*, 348 F.R.D. at 186 ("[E]ven if [the movant] does not continue to be a named defendant in this action, she will remain an important witness and, thus, it is inevitable that some discovery may be obtained from her regardless of the outcome of her motion."). Absent a sufficient showing of overbreadth, undue burden, or good cause, and in light of the numerous other delays in this case, the Court finds that Ms. Djunic has not carried her burden of demonstrating that a stay is appropriate.

SO ORDERED.

Dated: October 15, 2025
        New York, New York

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**