

Davis+Gilbert LLP
1675 Broadway
New York, NY 10019
212 468 4800
dglaw.com

January 27, 2026

**VIA ECF**

**William S. Kukin**
d 212.468.4810
wkukin@dglaw.com

Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *Pacific Services Establishment, et al. v. Djunic et al.*, Case No. 1:24-cv-07687

Dear Judge Rochon:

    This firm represents Defendant Natalija Djunic as *pro bono* counsel for the limited purpose of defending Ms. Djunic's deposition. We submit this letter pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure and Your Honor's Individual Rules of Practice to request that the Court order Plaintiffs Pacific Services Establishment and Starline Services Establishment ("Plaintiffs") to take Ms. Djunic's deposition by remote means.

    Plaintiffs have noticed Ms. Djunic's deposition to take place in person at Plaintiffs' counsels' offices in Salt Lake City, Utah. The deposition was originally noticed for January 16, 2026. In advance of that date, on January 9, the undersigned counsel met and conferred via teleconference with Plaintiffs' counsel regarding Ms. Djunic's request for a remote deposition. Plaintiffs' counsel indicated that Plaintiffs were unwilling to accommodate Ms. Djunic's request. On January 14, 2026, the Court granted the parties' request to postpone the date of Ms. Djunic's deposition to February 3, 2026. (ECF No. 88.) Counsel then reiterated Ms. Djunic's request for a remote deposition by email dated January 21, 2026. Plaintiffs' counsel responded on January 27, again stating that Plaintiffs were unwilling to accommodate Ms. Djunic's request.

    Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that the Court may, on motion, order that a deposition be taken "by telephonic or other remote means." Fed. R. Civ. P. 30(b)(4). "Conducting remote depositions is part of the new normal and presumptively valid under the Federal Rules." *Douramanis v. Dur-America Brokerage Inc.*, 2023 U.S. Dist. LEXIS 71155, at *2 (S.D.N.Y. Apr. 24, 2023). In determining a motion for a remote deposition pursuant to Rule 30(b)(4), courts consider the burden, convenience, and potential prejudice to all parties resulting from the means of the deposition. *See Jennette v. UPS*, 2024 U.S. Dist. LEXIS 120533, at *3 (S.D.N.Y. June 25, 2024). "Holding a deposition by videoconference is 'frequently a preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides.'" *Id.* (quoting *Alpha Cap. Anstalt v. Real Goods Solar, Inc.*, 323 F.R.D. 177, 179 (S.D.N.Y. 2017)). Indeed, motions to take a deposition "by telephone or other remote means will presumptively be granted." *Id.* (quoting Loc. Civ. R. 30.2).



Ms. Djunic requests that her deposition proceed remotely so that she may attend her deposition by the same means as her *pro bono* counsel. Ms. Djunic—who resides in Utah—has been proceeding *pro se* ever since Plaintiffs added her as a Defendant in August 2025. However, she took the time and effort to secure *pro bono* counsel in New York, via the City Bar Justice Center, specifically for the purpose of representing her at her deposition. (*See* ECF No. 86.) As a *pro se* litigant, Ms. Djunic is unable to bear the expense of counsel to travel to Utah to defend her deposition in person. Although Plaintiffs have offered to proceed with a hybrid deposition where Ms. Djunic's counsel attends remotely, such an arrangement necessitates that all parties except for Ms. Djunic's counsel attend in person. It would be highly prejudicial to require Ms. Djunic to attend a deposition in person without the benefit of her *pro bono* counsel's personal attendance. Indeed, such an arrangement would undermine one of the primary purposes of Ms. Djunic's efforts to secure *pro bono* counsel—to have counsel by her side at her deposition. Because that cannot be accomplished via an in-person deposition, Ms. Djunic's deposition should proceed entirely by videoconference, so that all parties are on equal footing.

Moreover, Plaintiffs cannot establish any prejudice by taking Ms. Djunic's deposition by videoconference. Plaintiffs have described Ms. Djunic as a "key witness" in email correspondence, but that characterization could not be further from the truth. Plaintiffs originally subpoenaed records from Ms. Djunic as a third party, but then decided to join Ms. Djunic as a Defendant in August 2025 based solely on the allegation that her husband, Defendant Danko Djunic, transferred $1.1 million to her. (ECF No. 40-1 at ¶ 81.) But as Plaintiffs are fully aware, the transfers in question were made to a ***joint account*** owned by both Danko Djunic and Natalija Djunic. (*See* ECF No. 67-2 at 2–40 (showing records of transfers to a checking account owned jointly by "DANKO DJUNIC" and "MS NATALIJA DJUNIC").) Ms. Djunic has consistently represented to Plaintiffs that the joint checking account in question "was used for ordinary household expenses," that she "did not initiate, direct, authorize, or control the referenced transfers," and that her "knowledge is limited to what appears on those statements." (Ex. A (Natalija Djunic's Responses and Objections to Plaintiffs' Second Set of Interrogatories, at 2–3).)

Further, Ms. Djunic has repeatedly explained to Plaintiffs that she has "no knowledge of or involvement in her husband's business activities or the entities identified in the Complaint" and possesses "no documents responsive to [Plaintiffs' document] request[s]." (Ex. B, Natalija Djunic's Initial Disclosures, at 2); Ex. C (Natalija Djunic's Responses and Objections to Plaintiffs' First Set of Requests for Production, at 2–12).)

Given Ms. Djunic's near-total lack of involvement and personal knowledge, it is difficult to credit Plaintiffs' characterization of her as a "key witness," let alone to imagine how Plaintiffs could plausibly demonstrate any prejudice from taking her deposition via videoconference. *See Jennette*, 2024 U.S. Dist. LEXIS 120533, at *3 (granting motion for a remote deposition where the opposing party did "not establish why there is a need for in-person depositions or how a remote deposition will prejudice her"). Indeed, Ms. Djunic's discovery responses to Plaintiffs only further highlight the prejudice ***to Ms. Djunic*** that would result from forcing her to appear in person to simply restate to Plaintiffs that she has no personal knowledge relevant to Plaintiffs' allegations.



Ms. Djunic therefore respectfully requests that the Court order Plaintiffs to take her deposition by remote means.

We thank Your Honor for your consideration.

Respectfully submitted,

*/s/ William S. Kukin*

William S. Kukin


cc:   All parties of record having made an appearance via ECF

Request DENIED.  Defendant Natalija Djunic shall appear in-person for a hybrid deposition that her counsel may attend remotely.

"[T]here is a rebuttable presumption that, absent special circumstances, the deposition of a defendant will be held where the defendant resides." *Sec. & Exch. Comm'n v. Aly*, 320 F.R.D. 116, 118 (S.D.N.Y. 2017) (collecting cases).  Here, Plaintiffs seek to depose Djunic in her place of residence, Utah. Unlike the movants in Djunic's cited cases, Djunic has not shown that she would be burdened, inconvenienced, or prejudiced by appearing for an in-person deposition. *See Jennette v. UPS*, No. 22-cv-10783 (DEH), 22024 U.S. Dist. LEXIS 120533, at *3 (S.D.N.Y. June 25, 2024) (permitting remote depositions of multiple non-parties where counsel *taking* depositions were in Ohio and witnesses were in New York); *Douramanis v. Dur-America Brokerage Inc.*, No. 20-cv-05825 (KHP), 2023 U.S. Dist. LEXIS 71155, at *1 (S.D.N.Y. Apr. 24, 2023) (granting remote deposition where deponent had "recent medical issue and concerns with childcare"); *Alpha Cap. Anstalt v. Real Goods Solar, Inc.*, 323 F.R.D. 177, 179 (S.D.N.Y. 2017) (permitting remote deposition where counsel *taking* deposition were in New York and deponent was based in Colorado). Further, the ability of Djunic's counsel to defend her deposition will not be hindered by his appearing remotely.  Accordingly, Djunic's request is denied.

SO ORDERED.

Dated: January 28, 2026
       New York, New York

_____
**JENNIFER L. ROCHON
United States District Judge**